UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-cv-80339-REINHART

ENGAJER INC.,

          Plaintiff,

vs.

MICROSOFT CORPORATION,

          Defendant.
_____/

## REPORT AND RECOMMENDATION REGARDING DISMISSAL AND ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE

Plaintiff, Engajer Inc., a *pro* se corporation, initiated this action on March 12, 2025. ECF No. 1. That same day, the Court entered an Order notifying the Plaintiff that it cannot proceed *pro se* and directed the Plaintiff to retain counsel no later than March 26, 2025. ECF No. 3. The Court also warned Plaintiff that failure to comply may result in the case being dismissed. *Id.* The Plaintiff filed two motions for extension of time—each granted in part. ECF Nos. 7, 8, 11, 12.[1] The Plaintiff was ultimately given a little over a month to retain counsel, through and including April 16, 2025. Again, the Court advised the Plaintiff that the case may be dismissed if it failed to comply. *See* ECF Nos. 8, 12.

---

[1] The Plaintiff also filed a Motion to Appoint Counsel which was denied. ECF Nos. 9, 10.

On April 14, 2025, the Plaintiff filed its third Motion for Extension of Time to retain counsel. ECF No. 13. In its Motion the Plaintiff said it applied for litigation funding due to financial hardship and needs two months to get the funding so it can hire a lawyer. *Id.* That Motion was denied. ECF No. 14. The deadline to retain counsel has since expired. To date, the Plaintiff has failed to comply.

A corporation cannot proceed *pro se* and must be represented by counsel. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-1386 (11th Cir. 1985), *cert. denied,* 474 U.S. 1058 (1986) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel."); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.,* 748 F.2d 602, 609 (11th Cir. 1985), *cert. denied,* 471 U.S. 1056 (1985). The Plaintiff had over a month to find counsel. It failed to do so. The Plaintiff's financial constraints "do not excuse the requirement that it have legal representation in court proceedings" *See Robinson v. G.C.L. Constr., Inc.,* No. 0:17-CV-60084, 2017 WL 11726375, at *3 (S.D. Fla. Apr. 25, 2017) *(quoting Textron Fin. Corp. v. RV Having Fun Yet, Inc.,* No. 3:09–cv–2–J–34, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010)).

Accordingly, I recommend that the case be DISMISSED WITHOUT PREJUDICE. The Plaintiff is free to refile its Complaint after it obtains litigation funding to retain counsel.

## REPORT AND RECOMMENDATION

For these reasons, this Court **RECOMMENDS** that the District Court DISMISS this action without prejudice and DENY any pending motions as MOOT.

## DISTRICT JUDGE ASSIGNMENT

Pursuant to Administrative Order 2025-11, I submit my findings in a Report and Recommendation because the Plaintiff was not permitted to proceed *pro se* and therefore not previously noticed of the opt-out procedures on Magistrate Judge Jurisdiction. **Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to adjudicate this matter.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the assigned District Judge, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 23rd day of April 2025.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE